JULIA V. SHUNNEY *vs.* RHODE ISLAND HOSPITAL TRUST COMPANY.

MAY 29, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J.   This cause is before us on the appeal of the complainant from a final decree of the superior court entered January 17, 1951 sustaining respondent's demurrer to the bill of complaint and denying and dismissing the bill without prejudice.   It is also here on the appeal of the

respondent from a decree of said court entered May 23, 1952 directing the clerk to certify the cause to this court upon complainant's appeal, subject, however, to respondent's rights pending such appeal. After entry of the decree of January 17, 1951, complainant took steps to file and perfect a claim of appeal but respondent moved in the superior court to strike such appeal from the record as null and void on the ground that the statutory requirements relating thereto had not been complied with. This motion was denied and the decree of May 23, 1952 was thereupon entered.

In view of our decision herein, we find it unnecessary to determine the merits of respondent's appeal. Assuming without deciding that complainant's appeal was properly taken, we shall proceed to decide the ultimate question involved, namely, whether the bill of complaint sets forth a proper cause for equitable relief and consequently whether the decree sustaining respondent's demurrer was properly entered.

The bill of complaint sets forth that Henry William Hilsebush, known as Harry W. Hilsebush, hereafter called the testator, was a resident of the city of Providence; that he deceased July 2, 1948; that he left a will which was duly admitted to probate; and that letters testamentary which are now in full force and effect were issued to respondent.

It is alleged in the bill that complainant Julia S. Shunney, a niece of the testator, had been employed by him as a bookkeeper and stenographer for about a year previous to his retirement from business. At his request she returned to work for him in September 1939 on a part-time basis upon his promise that if she would look after his affairs and remain unmarried during his lifetime, in addition to paying her a salary he would provide for her so that at his death she would receive between $35,000 and $40,000 worth of stocks.

The complainant also alleges that she accepted such

proposition and received $36 every six months as part of her wages; that on numerous occasions when he gave her the $36 testator told her that she had not learned to save money and he would therefore keep her salary very low; and that she would receive her compensation out of what "he had provided for her *to be paid her upon his death.*" (italics ours)

It is averred in the tenth paragraph of complainant's bill that frequently *during the last six months of his life* testator expressed gratitude to her for the care and attention she gave him and told her that in addition to certain bonds which he had purchased in their joint names he had made provision in his vault in the bank for her to receive "about Forty Thousand Dollars' worth of International Paper Company stock which he had held for her for a long time and some newly-acquired stock in the Narragansett Brewing Company." The bill alleges that complainant is informed and believes that respondent in its capacity as conservator of the estate of the testator or as executor under his will came into possession of said stocks and that the stock certificates bore some indication that they were intended for her, but that respondent, though often requested, has never delivered such stocks to her.

The bill further alleges that if the testator did not make provision for complainant in accordance with his "contract," then she has been wholly deceived by his false representations, and his estate has been unjustly enriched by her work and labor, care and attention, all of which were induced by his fraudulent conduct. It is also alleged that complainant is entitled to have said contract made by the testator in his lifetime specifically enforced and the provisions thereof carried out by respondent. She avers that his estate is impressed with a trust in her favor and that respondent holds said stocks or the proceeds thereof as trustee for her benefit.

The complainant prays for specific performance of the

contract by impressing a resulting or constructive trust in her favor on the particular stocks herein mentioned; or, in the alternative, she asks that an accounting be had to determine the amount by which the estate of the testator was unjustly enriched by complainant's work and labor, care and attention, which were induced by his false representations and had deceived her.

In his rescript sustaining respondent's demurrer to the bill of complaint, the trial justice referred to the bill as one for "specific performance of an oral agreement relating to personal property." He also stated that the "oral contract" between the parties is set forth in the fifth paragraph of the bill and that the agreement with complainant mentioned no specific stocks. He held that the recitals in the bill failed to establish a trust in favor of complainant and that in any event she had an adequate remedy at law.

We are in accord with such conclusion. The real contract, as suggested by the trial justice, is set forth in the fifth paragraph and contains no reference to any specific stock. Any stock or stocks to the value of $35,000 or $40,000 would have satisfied the terms of the alleged agreement. A reference to two certain stocks appears in the tenth paragraph of the bill but it shows that the statements of the testator with respect thereto were made during the last six months of his life, *nearly nine years after* the making of the oral agreement herein relied upon. Whatever value these alleged statements might have as to some other issue they were not made at the time and as part of the agreement asserted in the fifth paragraph of the bill, which is the basis for the claim of a trust and for specific performance. The fifth paragraph, as above stated, made no mention of any particular stocks and it is clear that complainant does not here rely upon an agreement to provide for her by will.

In our opinion the bill of complaint seeks specific performance of an oral agreement to convey or transfer to the complainant unspecified stocks to the value of $35,000

or $40,000 as part of her compensation for services rendered to the testator during his lifetime. The offer was not to provide any particular stocks which he then owned or might thereafter acquire, but was simply an offer to pay complainant for her services $35,000 or $40,000 in the form of a fund which at the time of his death would be invested in stock having that value.

But even if the agreement may be considered as one to transfer certain specified stocks, this court has recognized and approved the rule that courts of equity generally will not order specific performance of a sale of personal property, because ordinarily there is an adequate remedy at law. *Manton* v. *Ray*, 18 R. I. 672. In that case the court approved the general rule but granted an exception thereto because the bill alleged that complainant could not obtain the stock elsewhere than from the respondent and that the value of the stock was uncertain and not easily ascertainable. The court held that in such a case damages were inadequate. No such allegation appears in the bill of complaint in the instant cause.

In our opinion the bill does not allege facts that would constitute an *inter vivos* trust, but rather it sets out the breach of an oral contract or agreement to pay for personal services rendered to the testator during his lifetime. To secure redress for such a breach there is an adequate remedy at law by way of a suit upon a claim against his estate. We are therefore of the opinion that the trial justice was not in error in sustaining respondent's demurrer to the bill of complaint.

The respondent's appeal is dismissed *pro forma,* the complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Smith & Botelle, Archie Smith,* for complainant.

*John W. Baker,* for respondent.